**FILED**

JUN 3 0 2008    NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. **08 CR    519** |
| | ) | |
| v. | ) | |
| | ) | Filed: _____ |
| JOEL M. GOSTOLMELSKY, | ) | |
| | ) | Violations: 18 U.S.C. §§ 371, 201(c)(1)(B) |
| Defendant. | ) | |
| | ) | |

**JUDGE KOCORAS**

**INFORMATION**

**MAGISTRATE JUDGE VALDEZ**

The United States of America charges:

**Count One:  Conspiracy to Commit an Offense Against the United States**

1.     JOEL M. GOSTOLMELSKY ("Defendant") is hereby made a defendant on the charges stated below.

2.     Beginning in or about March 2000 and continuing until at least April 2007, in the Northern District of Illinois, Eastern Division, Defendant and co-conspirators entered into and engaged in a combination and conspiracy to commit an offense against the United States. Namely, the Defendant agreed to allow a co-conspirator, who was an employee of the United States Department of Veterans Affairs ("Individual A") and co-conspirator Individual B (who is Individual A's spouse), to transact business in matters which Individual A participated personally and substantially in his official position as a Government employee at his place of work, and in which Individual A's family had a financial interest, in violation of 18 U.S.C. § 208(a) and 18 U.S.C. § 216(a)(2).

## OBJECTS OF THE CONSPIRACY

3.    The objects of the conspiracy were to:  (a) enable Company A, a company organized and controlled largely by Individual A, to provide temporary pharmacists on a recurring basis to the Hines, Illinois, VA Consolidated Mail Outpatient Pharmacy ("CMOP") during the relevant period; (b) submit materially false and fraudulent statements to VA officials and legal counsel which misrepresented Individual A's true role within Company A, and his activities on behalf of Company A while working at the Hines VA CMOP; and (c) use Company A and a related company to hire family members and other acquaintances to work at the Hines VA CMOP.

## MEANS AND METHODS OF THE CONSPIRACY

4.    For the purpose of forming and carrying out the charged combination and conspiracy, Defendant and co-conspirators did those things that they conspired and agreed to do, including, among other things:

(a)    on or about May 17, 2000, Defendant falsely represented Individual A's true role in the operations of Company A to Defendant's superior in order that Company A could obtain clearance to do business at the CMOP.  Also, Defendant falsely represented that Individual A was not involved in the ordering of temporary pharmacists for the CMOP;

(b)    thereafter, Defendant knowingly and willfully disregarded his superior's direction that Individual A be insulated from contact with Company A while performing his duties at the CMOP; and

(c)    on or about September 27, 2002, Defendant falsely represented Individual A's true role in the operations of Company A to the VA's Office of General Counsel in order that Company A could obtain clearance to continue to do business at the CMOP.  Defendant falsely

represented that Individual A had no role in the operations of Company A, and Defendant falsely

stated to VA counsel that Individual A would be removed from the process of reviewing or

deciding employment actions on behalf of Company A.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

4.    In furtherance of the conspiracy and to effect the objects of the conspiracy, the

following overt acts, among others, were committed in the Northern District of Illinois, Eastern

Division:

(a)  In or about April 2004, the exact date being unknown to the Grand Jury,

Defendant and Individual A agreed to pay certain full-time pharmacists who were employed by

Company A at a higher pay rate than those employees had previously been paid.

(b)  On or about April 21, 2004, Individual A prepared and sent a Statement of

Work justifying the higher pay rate to the CMOPs financial manager.

(c)  In or about December 2004, Defendant notified the CMOPs financial manager

that he approved of a higher pay rate for certain full-time pharmacists employed by Company A.

5.    Various business entities and individuals, not made defendants in this Information,

participated as co-conspirators in the offense in Count One, and performed acts and made

statements in furtherance thereof.

## JURISDICTION AND VENUE

6.    The combination and conspiracy charged in this Information was carried out, in

part, within the Northern District of Illinois, Eastern Division, and elsewhere, within five years

preceding the date of this Information.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 371.

## Count Two:  Accepting Illegal Gratuities

7.      Within the five years preceding the filing of this Information (the "relevant period" for purposes of Count Two of this Information), Defendant, a public official within the definition of 18 U.S.C. § 201(a)(1), in a high-level decision-making or sensitive position, directly or indirectly demanded, sought, received, accepted, and agreed to receive or accept things of value personally in the form of gratuities from Individual C and Individual C's employer for or because of official acts performed or to be performed by Defendant in violation of 18 U.S.C. § 201(c)(1)(B).

8.      During the relevant period, Defendant was employed as the Director of the Hines CMOP.

9.      Individual C was the vice-president of Company C, which transacted a substantial amount of business providing supplies to the Hines CMOP.

10.     The things of value referenced above in Paragraph Seven included sporting event tickets, transportation upgrades and lodging, lunches, entertainment, and miscellaneous household goods which were received from Individual C or Company C and whose value was approximately $4,500.

11.     The official acts performed or to be performed by Defendant referenced above in Paragraph Seven included the exertion of Defendant's influence in order to award purchase orders and contracts with the Hines VA CMOP to Company C.

## JURISDICTION AND VENUE

12.    The offense charged in Count Two of this Information was carried out, in part, in

the Northern District of Illinois, Eastern Division, within five years preceding the date of the

filing of this Information.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 201(c)(1)(B).

Dated: _____

THOMAS O. BARNETT
Assistant Attorney General
Antitrust Division

SCOTT D. HAMMOND
Deputy Assistant Attorney General
Antitrust Division

MARC SIEGEL
Director of Criminal Enforcement
Antitrust Division

MARVIN N. PRICE, JR.
Chief, Midwest Field Office
Antitrust Division

ERIC C. HOFFMANN

JASON C. TURNER

ERIC L. SCHLEEF

Attorneys
Antitrust Division - U.S. Dept. of Justice
209 S. LaSalle Street, Suite 600
Chicago, IL 60604

Telephone:    (312) 353-7530
Facsimile:    (312) 353-1046